FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2019 APR 24  AM 11: 33

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

     Plaintiff,

v.

                             CASE NO: 6:18-cr-20-Orl-41TBS

CHRISTOPHER RAY FAELLA

     Defendant.

_____

### ORDER

This case comes before the Court without a hearing on the United States of America's Motion to Seal dated April 23, 2019, which has not yet been docketed. The motion was filed after the Court denied a similar request without prejudice (Doc. 85). The government represents that Defendant Christopher Ray Faella has no objection to the motion.

As the Court explained in its prior Order, "[t]he filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While parties "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992); Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public, an absent third party, which are preserved

by prohibiting closure of public records, unless unusual circumstances exist." <u>Wilson v. Am. Motors Corp.</u>, 759 F.2d 1568, 1570 (11th Cir. 1985).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." <u>Romero v. Drummond Co., Inc.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007). "A substantive pretrial motion is '[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." <u>Id.</u> at 1246 (quotation marks and citation omitted).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." <u>Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.</u>, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting <u>Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." <u>Chemence Med. Prods., Inc. v. Medline Indus.</u>, No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..."). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally

- 2 -

signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement. Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

Defendant pled guilty to five counts of the receipt of child pornography and one count of possession of child pornography (Docs. 28-29). He was sentenced to *inter alia*, 168 months in the Bureau of Prisons (Docs. 28-29, 77). The Court has set a restitution hearing for April 25, 2019 (Doc. 76). Now, the government is asking the Court to seal the exhibits to its memorandum regarding restitution. It argues that the information contained in the exhibits, if made public, "would certainly cause further harm and humiliation to the victims of this child pornography offense." (Id., at 3). The renewed motion includes the exhibits the government seeks to file under seal.

The exhibits, which the Court has reviewed, are organized into three sections. Exhibit 1, Part 1 contains victim impact statements and a forensic psychological

- 3 -

evaluation performed by Randall Green, Ph.D. The Court finds that this information is highly personal and confidential and that the victims' privacy interest in this information outweighs the public's right or need to know this information. Good cause having been found, the motion directed to these exhibits is **GRANTED**. The Clerk shall accept for filing **UNDER SEAL**, the first 41 pages of Exhibit 1, Part 1. The remainder of Exhibit 1, Part 1 is comprised of Dr. Green's CV and Chapter 5, "Victims of Child Pornography," United States Sentencing Commission Report to Congress, December 2012. The Court does not find good cause to seal this information and therefore, the motion directed to these exhibits is **DENIED**.

Exhibit 1, Part 2 consists of a paper published by the National Society for the Prevention of Cruelty to Children titled "Images of Abuse, A review of the evidence on child pornography;" the American Professional Society on the Abuse of Children's amicus brief in Paroline v. United States, No. 12-8651; the Declaration of Victim's Counsel in Support of Restitution; a Vocational Assessment by Merrill Cohen, MC, CDMS, CRC, CCM, CLCP; Merrill Cohen's CV; an Economic Analysis of Present Value of Life Care Costs and Lost Income by Stan V. Smith, Ph.D; Stan V. Smith's CV; and a restitution order entered by the United States District Court, Eastern District of Michigan in Case No. 12-20843. The Court finds good cause to seal Merrill Cohen's report and the first four pages of Stan V. Smith's report because they contain information that is highly personal and confidential, and the victims' privacy interest in this information outweighs the public's right or need to know this information. Accordingly, the motion directed to these pages is **GRANTED**. The Clerk shall accept for filing **UNDER SEAL**, Merrill Cohen's report and the first four pages of Stan V. Smith's report. The Court does not find good cause to seal the

- 4 -

remaining information in Exhibit 1, Part 2 and therefore, the motion directed to this information is **DENIED**.

Exhibit 2 is another report created by Stan V. Smith. Although it is a stretch, the Court finds good cause to seal the first nine pages of the report because of the possibility that the information contained therein could possibly be used to identify the victim. Accordingly, the motion directed to these pages is **GRANTED**. The Clerk shall accept for filing **UNDER SEAL**, the first nine pages of Stan V. Smith's report. The Court does not find good cause to seal the remaining information in Exhibit 2 and therefore, the motion directed to this information is **DENIED**.

To simplify the implementation of this Order the United States shall file and the Clerk shall accept and hold **UNDER SEAL**, the complete exhibits. The United States shall also file the redacted exhibits in the public record.

All information sealed pursuant to this Order shall remain under seal until ordered unsealed by the Court.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Christopher Ray Faella